UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ELMER L. THOMAS,

           Plaintiff

   -vs-

GERALD NORRIS, et al.,

           Defendants

NO. 3:CV-02-1854

(Judge Kosik)

## ORDER

Before the court is plaintiff's motion for reconsideration of this court's Order of September 13, 2005. For the reasons which follow, the motion for reconsideration will be denied.

### Background

Plaintiff, Elmer L. Thomas, an inmate at SCI-Huntingdon, filed a complaint in the instant action pursuant to 42 U.S.C. §1983 on October 15, 2002. Defendants filed an answer to the complaint on April 8, 2003.

On August 1, 2005, plaintiff filed a "Motions to Add Huntington (SCI) Officer Elaine Dixon as a Codefendant Under F.R.C.P. 15, to Update Status of Defendant John Rivello's Absence, and to Render Judgment on Restraining Order Requested." In his cursory four-paragraph motion, plaintiff requested several forms of relief. In an Order filed on August 4, 2005, the Magistrate Judge found the request pertaining to a restraining order to be moot in that it had already been ruled on, the request to add Corrections Officer Dixon as a defendant insufficient to state a conspiracy claim against her, and granted the request on a status report regarding defendant Rivello.

This court construed plaintiff's motion to nullify the Magistrate Judge's Order as objections to the Report and Recommendation. In an Order dated September 13, 2005, this Court found that the Magistrate Judge's Order was not clearly erroneous or contrary to law, 28 U.S.C. §636, and dismissed the plaintiff's objections.

On September 28, 2005, plaintiff filed a motion for reconsideration of the Order of September 13, 2005. In his motion, plaintiff once again argues that he is entitled to add CO Elaine Dixon as a co-defendant based on her alleged retaliatory conduct.

## Discussion

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrback v. AT&T Nassau Metals Corp.*, 902 F.Supp. 523, 27 (M.D.Pa. 1995) *vacated in part on other grounds*, 915 F.Supp. 712 (M.D.Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F.Supp. 937, 943 (E.D.Pa. 1995).

While plaintiff argues that the court misunderstood his contentions for the relief he seeks, this is not the case. The court understood plaintiff's request to add CO Elaine Dixon as a co-defendant. However, the court found that the plaintiff's contentions were insufficient. Because we find no basis to change our earlier Order, plaintiff's motion for reconsideration will be denied.

AND NOW, this 5th day of October, 2005, IT IS HEREBY ORDERED THAT plaintiff's motion for reconsideration (Doc. 37) is **DENIED**.

s/Edwin M. Kosik
United States District Judge